# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOSEPH FERGUSON,<br>    Plaintiff,<br><br>vs.<br><br>CAVALRY PORTFOLIO SERVICES,<br>LLC and CAVALRY SPV I, LL<br>    Defendant. | ) CIVIL ACTION NO. 1:12-cv-00984<br>)<br>)<br>) **COMPLAINT**<br>)<br>)<br>) **JURY TRIAL DEMAND**<br>)<br>)<br>) |

## NATURE OF ACTION

1. This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the North Carolina Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58-70-90 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

1

## PARTIES

4. Plaintiff, Joseph Ferguson, ("Plaintiff"), is a natural person who at all relevant times resided in the State of North Carolina, County of Forsyth, and City of Winston-Salem.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2).

6. Defendant, Cavalry Portfolio Services, LLC ("Cavalry") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and N.C. Gen. Stat. § 58-70-90(3).

7. Cavalry is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Cavalry is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90(1).

9. Defendant, Cavalry SPV I, LLC, ("SPV") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

10. SPV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. SPV is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90(1).

12. SPV is a "debt buyer" as defined by N.C. Gen. Stat. § 58-70-15(b)(4).

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt once owed or due, or once asserted to be owed or due a creditor other than Defendants.

14. Plaintiff's obligation, or alleged obligation, once owed or due, or asserted to be once owed or due a creditor other than Defendants, arise from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

15. Cavalry uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

16. SPV purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

17. SPV acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

18. SPV is thoroughly enmeshed in the debt collection business, and is a significant participant in Cavalry's debt collection process.

19. Prior to April 2011, in connection with the collection of two alleged debts in default (the "Debts"), the original creditor, GE Retail Bank/Lowe's ("GE/Lowes"), began trying to collect account ending in 7457 ("Account 7457")

3

from Plaintiff.

20.     Plaintiff, via his counsel, sent written correspondence dated April 13, 2011 to GE/Lowes, regarding Account 7457, and in such correspondence, stated in relevant part as follows:

> Account #: [************]7457
>
> To Whom It May Concern:
>
> Please be advised that this office represents the above-named individual regarding the aforementioned account.
>
> Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them.

(*See* 04-13-2011 correspondence, attached hereto as Exhibit A).

21.     GE/Lowes received Plaintiff's notice of representation on April 18, 2011 at 3:24 A.M.  (*See* USPS Delivery Confirmation, attached hereto as Exhibit B).

22.     Prior to August 2011, in connection with the collection of the Debts, the original creditor, GE Retail Bank/Wal-Mart ("GE/Wal-Mart"), began trying to collect account ending in 4362 ("Account 4362") from Plaintiff, through its agent-in-fact and hired debt collector, Smith Debnam Narron Drake Saintsing & Myers, LLP ("Smith").

23.     Plaintiff, via his counsel, sent written correspondence dated August 29, 2011 to Smith, in its capacity as agent-in-fact for GE/Wal-Mart, regarding

4

Account 4362, and in such correspondence, stated in relevant part as follows:

> Please be advised that this office represents the above-named individual regarding the aforementioned account.
>
> Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them.

(*See* 08-29-2011 correspondence, attached hereto as Exhibit C).

24. Upon information and good-faith belief, Smith received Plaintiff's notice of representation on or about September 5, 2011.

25. Thereafter, upon information and good-faith belief, and prior to June 29, 2012, Defendant SPV purchased Account 4362 from GE/Wal-Mart.

26. In connection with the collection of the Debts, SPV placed Account 4362 with Defendant Cavalry for the purpose of engaging in collection activity directed toward Plaintiff.

27. Upon information and good-faith belief, at the time it placed Account 4362 with Cavalry, and not later than June 29, 2012, SPV informed Cavalry, its agent-in-fact, that Plaintiff was represented by counsel.

28. In connection with the collection of the Debts, on or about June 29, 2012, despite its knowledge that Plaintiff was represented by counsel, Cavalry, itself and on behalf of SPV, sent written communication regarding Account 4362 directly to Plaintiff that included the alleged balance owed and demanded payment. (*See* 6-29-12 Letter, attached as Exhibit D).

5

29. Prior to July 4, 2012, SPV purchased Account 7457 from GE/Lowes.

30. In connection with the collection of the Debts, SPV placed Account 7457 with Cavalry for the purpose of engaging in collection activity directed toward Plaintiff.

31. Upon information and good-faith belief, at the time it placed Account 7457 with Cavalry, and not later that July 4, 2012, SPV informed Cavalry, its agent-in-fact, that Plaintiff was represented by counsel.

32. In connection with the collection of the Debts, on or about July 4, 2012, despite its knowledge that Plaintiff was represented by counsel, Cavalry, itself and on behalf of SPV, sent written communication regarding Account 7457 directly to Plaintiff that included the alleged balance owed and demanded payment. (*See* 7-4-12 Letter, attached hereto as Exhibit E).

33. Plaintiff's counsel did not consent to any direct communication with Plaintiff.

34. At no time, did Plaintiff's counsel fail to respond within a reasonable period of time to a communication from SPV or Cavalry.

35. In the alternative, upon information and good-faith belief, prior to Cavalry sending its June 29, 2012 written communication, SPV failed to notify Cavalry, its agent in fact, that Plaintiff was represented by counsel.

36. In the alternative, upon information and good-faith belief, prior to Cavalry sending its July 4, 2012 written communication, SPV failed to notify Cavalry, its agent-in-fact, that Plaintiff was represented by counsel.

37. SPV failed to notify Cavalry, its agent-in-fact, that Plaintiff was represented by counsel for the express purpose of contacting Plaintiff directly to collect the Debt absent the involvement of Plaintiff's counsel.

38. Defendants' actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)
## ALL DEFENDANTS

39. Plaintiff repeats and re-alleges each and every allegation above.

40. Cavalry violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to any initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

41. SPV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Cavalry, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendants violated 15 U.S.C. § 1692c(a)(2);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

7

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)
## DEFENDANT SPV

42. Plaintiff repeats and re-alleges each and every allegation above.

43. Alternatively, SPV violated 15 U.S.C. § 1692c(a)(2) by failing to disclose to Cavalry that Plaintiff was represented, where Cavalry, SPV's agent in fact communicated directly with Plaintiff, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to any initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that SPV violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in

this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF N.C. GEN. STAT. § 58-70-115(3)
## ALL DEFENDANTS

44. Plaintiff repeats and re-alleges each and every allegation above.

45. Cavalry violated N.C. Gen. Stat. § 58-70-115(3) by communicating with Plaintiff when Cavalry had knowledge that Plaintiff was represented by an attorney.

46. SPV, by virtue of its status as a "collection agency" under the NCCAA, is liable for actions of Cavalry, the collection agency it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated N.C. Gen. Stat. § 58-70-115(3);

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

9

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF N.C. GEN. STAT. § 58-70-115(3)
## DEFENDANT SPV

47. Plaintiff repeats and re-alleges each and every allegation above.

48. In the alternative, SPV violated N.C. Gen. Stat. § 58-70-115(3) by communicating with Plaintiff by and through its agent Cavalry when SPV had been notified by Plaintiff's attorney that he represents Plaintiff, and where SPV failed to inform Cavalry that Plaintiff was represented.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant SPV violated N.C. Gen. Stat. § 58-70-115(3);

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

10

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

49. Plaintiff is entitled to and hereby demands a trial by jury.

DATED this 29th day of August, 2012.

>Respectfully submitted,
>
>/s/ Holly E. Dowd
>Holly E. Dowd (N.C. Bar No. 37533)
>Weisberg & Meyers, LLC
>409A Wakefield Dr.
>Charlotte, NC 28209
>(888) 595-9111 ext. 260
>(866) 565-1327 (fax)
>hdowd@attorneysforconsumers.com
>
>ATTORNEYS FOR PLAINTIFF
>
>*Please send correspondence to the address below*
>
>Holly E. Dowd
>**Weisberg & Meyers, LLC**
>5025 N. Central Ave. #602
>Phoenix, AZ 85012